UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MONSTER ENERGY COMPANY,
a Delaware corporation,

        Plaintiff,

v.

MILLIONS MONSTER CLEAN, LLC,
a Georgia limited liability company,

        Defendant.

Civil Case No.1:14-cv-3270-MHS

## FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT MILLIONS MONSTER CLEAN LLC

The above-captioned action having come before this Court upon the Motion for Entry of Default Judgment filed by Plaintiff Monster Energy Company ("MEC"), and for good cause appearing, it is hereby **ORDERED, AJDUDGED, AND DECREED** as follows:

1.    This Court has personal jurisdiction over MEC and Defendant Millions Monster Clean, LLC ("Defendant"). Defendant has a continuous, systematic, and substantial presence within this judicial district and within Georgia, including having its principal place of business in this judicial district.

- 1 -

2.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) over MEC's claims that relate to trademark infringement, false designation of origin, and trademark dilution under 15 U.S.C. §§ 1116 and 1121(a) and that relate to copyright infringement under 17 U.S.C. § 501 *et seq*., as these claims arise under the laws of the United States. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over MEC's claims which arise under state statutory and common law, because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c), as Defendant resides in this Judicial District and a substantial portion of the events herein took place in this Judicial District.

4.     MEC is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in California.

5.     Defendant is a limited liability company organized and existing under the laws of the State of Georgia, having a principal place of business in this Judicial District.

- 2 -

6.    MEC is the owner of all rights, title, and interest, including common

law rights, in its ![claw icon] ® mark ("Claw Icon Mark") and MONSTER™ mark.

7.    MEC is the owner of the following valid and enforceable trademark

registrations (among others) for its Claw Icon Mark, or which incorporate the Claw

Icon Mark.

| MARK | REG. NO. | GOODS/SERVICES |
|---|---|---|
| ![claw icon] | 2,903,214 | Drinks, namely, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated and non-carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not |
| ![claw icon] | 3,434,821 | Nutritional supplements |
| ![claw icon] | 3,434,822 | Non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy |
| ![claw icon] | 3,963,668 | Stickers; sticker kits comprising stickers and decals; decals; posters |
| ![claw icon] | 3,963,669 | All purpose sport bags; all-purpose carrying bags; backpacks; duffel bags |
| ![claw icon] | 4,011,301 | Sports helmets; video recordings featuring sports, extreme sports, and motor sports |

| MARK | REG. NO. | GOODS/SERVICES |
|---|---|---|
| | 4,051,650 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely hats and beanies |
| | 4,332,062 | Silicone wrist bands; Silicone bracelets; Jewelry, namely, bracelets and wristbands |
| | 3,134,841 | Beverages, namely, carbonated soft drinks, carbonated soft drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated energy and sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not |
| | 3,908,600 | Stickers; sticker kits comprising stickers and decals; decals |
| | 3,908,601 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely, hats and beanies |
| | 3,914,828 | Sports helmets |
| | 3,923,683 | All purpose sport bags; All-purpose carrying bags; Backpacks; Duffle bags |

- 4 -

8.    MEC is the owner of the following valid and enforceable trademark registrations (among others) which incorporate its MONSTER™ mark.

| MARK | REG. NO. | GOODS/SERVICES |
|------|----------|----------------|
| MONSTER ENERGY | 3,044,315 | Nutritional supplements in liquid form, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not |
| M MONSTER ENERGY | 3,044,314 | Nutritional supplements in liquid form, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not |
| MONSTER ENERGY | 3,057,061 | Fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not |
| M MONSTER ENERGY | 3,134,842 | Beverages, namely, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not |
| MONSTER ENERGY | 4,036,680 | Nutritional supplements in liquid form |
| MONSTER ENERGY | 4,036,681 | Non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy |
| MONSTER REHAB | 4,111,964 | Ready to drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages |
| MONSTER REHAB | 4,129,288 | Nutritional supplements in liquid form<br>Beverages, namely, non-alcoholic non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf-stable; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not |

- 5 -

| MARK | REG. NO. | GOODS/SERVICES |
|------|----------|----------------|
| MONSTER CUBA-LIMA | 4,269,880 | Nutritional supplements in liquid form<br>Non-alcoholic beverages, namely, energy drinks, energy drinks flavored with juice, sports drinks, all enhanced with vitamins, minerals, nutrients, proteins, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not |
| MUSCLE MONSTER | 4,376,796 | Nutritional supplements in liquid form<br>Beverages, namely, soft drinks; non-alcoholic and non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not |
| MUSCLE MONSTER | 4,451,535 | Vitamin fortified beverages<br>Dairy-based beverages; dairy-based energy shakes; energy shakes; coffee energy shakes; chocolate energy shakes<br>Ready to drink coffee based beverages; ready to drink chocolate-based beverages |
| MONSTER ENERGY ULTRA RED | 4,532,292 | Nutritional supplements in liquid form ; vitamin fortified beverages<br>Non-alcoholic beverages, namely, energy drinks, soft drinks, sports drinks, all enhanced with vitamins, minerals, nutrients, amino acids and/or herbs; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not |
| MONSTER ENERGY ULTRA BLUE | 4,534,414 | Nutritional supplements in liquid form; vitamin fortified beverages<br>Non-alcoholic beverages, namely, energy drinks, soft drinks, sports drinks, all enhanced with vitamins, minerals, nutrients, amino acids and/or herbs; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not |

9.     The marks identified in Paragraphs 6-8 are collectively referred to as "MEC's Asserted Marks."

10.    By virtue of the wide renown acquired by MEC's Claw Icon Mark and MONSTER™ mark, coupled with the national and international distribution and extensive sale of various products distributed under the Claw Icon Mark and MONSTER™ mark, MEC's Claw Icon Mark and MONSTER™ mark are famous.

11.    MEC is the owner of the following valid and enforceable copyright registrations for its Claw Icon and can art and packaging designs featuring its Claw Icon Mark: U.S. Copyright Registration Nos. VA 1-727-577, VA 1-737-654, VA 1-749-215, and VA 1-789-900.

12.    Defendant is not now, nor has it ever been, associated, affiliated, or connected with, or endorsed or sanctioned by, MEC.

13.    Without permission or consent from MEC, Defendant has used and is using MEC's Claw Icon Mark and MONSTER™ mark, or marks confusingly similar thereto, in connection with Defendant's business.   Some examples of Defendant's use of those marks (hereinafter, "the Infringing Marks") are shown below.





- 7 -



14.    Defendant's unauthorized use of the Infringing Marks constitutes trademark infringement under 15 U.S.C. § 1114; trademark infringement and false designation of origin under 15 U.S.C. § 1125(a); trademark dilution under 15 U.S.C. § 1125(c); copyright infringement under 17 U.S.C. § 501 *et seq.*; trademark dilution under O.C.G.A. § 10-1-451(b); deceptive trade practices under O.C.G.A. § 10-1-370 *et seq.*; encroachment under O.C.G.A. § 23-2-55; and unfair competition under the common law of the State of Georgia.

15.    All of the foregoing acts have caused or will cause, and unless restrained by this Court will continue to cause, serious and irreparable injury to MEC, for which MEC has no adequate remedy at law.

**NOW, THEREFORE, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:**

- 8 -

A.   Final judgment is entered in favor of MEC and against Defendant on MEC's claims for: (i) trademark infringement under 15 U.S.C. § 1114; (ii) trademark infringement and false designation of origin under 15 U.S.C. § 1125(a); (iii) trademark dilution under 15 U.S.C. § 1125(c); (iv) copyright infringement under 17 U.S.C. § 501 *et seq.*; (v) trademark dilution under O.C.G.A. § 10-1-451(b); (vi) deceptive trade practices under O.C.G.A. § 10-1-370 *et seq.*; (vii) encroachment under O.C.G.A. § 23-2-55; and (viii) unfair competition under the common law of the State of Georgia.

B.   Defendant, its officers, principals, agents, servants, employees, attorneys, successors, and assigns and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, are forthwith permanently enjoined from:

i.   using MEC's Asserted Marks, including the Claw Icon Mark and MONSTER™ mark, in connection with Defendant's business or the goods or services offered by Defendant, in advertising, promoting, selling or offering to sell Defendant's unauthorized goods or services, and/or using confusingly similar variations of the Claw Icon Mark, MONSTER™ mark, or any other of MEC's Asserted Marks in any manner that is likely to create the impression that Defendant or the goods or services offered by Defendant

originate from MEC, are endorsed by MEC, or are connected in any way with MEC;

    ii.   manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products or services bearing or using the Claw Icon Mark, MONSTER™ mark, or any other of MEC's Asserted Marks, and/or any confusingly similar marks;

    iii.   manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products bearing or using MEC's copyrighted Claw Icon design, copyrighted can designs, or any design substantially similar thereto;

    iv.   without permission or authorization from MEC, copying, reproducing, distributing, displaying, creating derivative works of MEC's copyrighted Claw Icon design and/or copyrighted beverage packaging designs and/or importing, manufacturing, or producing any products bearing copies of MEC's copyrighted Claw Icon design and/or copyrighted can designs;

    v.   otherwise infringing or diluting MEC's Claw Icon Mark,

MONSTER™ mark, or any other of MEC's Asserted Marks;

    vi.    falsely designating the origin of Defendant's goods or services;

    vii.    unfairly competing with MEC; and

    viii.    causing a likelihood of confusion or injury to MEC's business reputation.

C.    Defendant is ordered to file with this Court and serve on MEC, within thirty (30) days after the date of this Order, a report, in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with this injunction pursuant to 15 U.S.C. § 1116(a).

D.    Defendant is ordered to deliver and destroy all literature, advertising, goods, and other materials bearing the Infringing Marks pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503 within thirty (30) days after the date of this Order.

E.    Defendant, within thirty (30) days after the date of this Order, shall pay to MEC statutory damages under 17 U.S.C. § 504 in the sum of $25,000 for Defendant's infringement of MEC's U.S. Copyright Registration Nos. VA 1-727-577, VA 1-737-654, VA 1-749-215, and VA 1-789-900.

**IT IS SO ORDERED.**

- 11 -

Dated: _____

_____

Hon. Marvin H. Shoob
United States District Judge